IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROGELIO CANTU, | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | §   No. 4:23-cv-00824-O-BP |
| | § |
| CITY OF FORT WORTH POLICE, | § |
| N. W. DIVISION, *et al.*, | § |
| | § |
| **Defendants.** | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Complaint filed by Plaintiff, Rogelio Cantu ("Cantu"), on August 8, 2023 and the Amended Complaint filed on September 5, 2023. ECF Nos. 1, 8. This case was referred to the undersigned under Special Order No. 3. ECF No. 2. After reviewing the Complaints, the file, and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** this case **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) and **DENY** all pending motions **AS MOOT**.

By Order dated August 23, 2023, the Court directed Cantu to serve all defendants within 90 days of when he filed the Complaint. ECF No. 7. Because he had paid the filing fee, the Court notified Cantu that he was responsible or serving the defendants with a summons and a copy of the Complaint as Rule 4(c) provides. *Id.* The Court warned him that if he did not serve the defendants within 90 days after the filing of the Complaint, the action was subject to dismissal without prejudice. *Id.* The Court also noted that Rule 4(l) required Cantu to file proof of service with the Court unless the defendants waived service. *Id.* This proof must consist of "the server's affidavit" if the United States Marshal or a deputy marshal did not effect the service. *Id.* The

Court also stated that if Cantu did not file a valid return of service or otherwise show that he properly served the defendants, the Court may dismiss the case.

When Cantu did not serve the individual defendants and file proof of service as ordered, on January 9, 2024, the Court ordered him to show cause why the Court should not dismiss his claims against the individual defendants without prejudice. ECF No. 38. Cantu responded by explaining that he was confused about his duty to serve the individual defendants. ECF No. 41.

Accordingly, on January 17, 2024, the Court ordered Cantu to serve the individual defendants, officers Z. Hornsby, S. Reiss, J. Cherry, and J.A. Vasquez, and file proof of service of the summons and Amended Complaint on such defendants as provided in Federal Rule of Civil Procedure 4 on or before March 1, 2024. ECF No. 42 at 2. The Court cautioned Cantu that if he did not serve the individual defendants and file proof of service or of waiver of service by filing with the clerk a copy of the summons, affidavit of service, or executed waiver of service by March 1, 2024, the undersigned might recommend that Judge O'Connor dismiss his claims against these defendants without prejudice under Federal Rule of Civil Procedure 4(m). *Id.*

On January 23, 2024, Cantu sought a waiver of service fees. ECF No. 46. On January 26, 2024, the Court denied this request since Cantu had paid the filing fee and therefore was responsible for serving a copy of the summons and applicable complaint on each of the defendants whom he wished to sue. ECF Nos. 47, 7.

The March 1, 2024 deadline has passed, and Cantu has not filed proof of service of the summons and Amended Complaint on the individual defendants as ordered. ECF No. 42. Federal Rule of Civil Procedure 4 provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "A litigant's pro se status neither excuses his failure to

2

effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (discussing Rule 4(m)). Despite having ample opportunity to serve the individual defendants, and although the Court warned him of the possible consequences of not serving them, Cantu has not served them with process.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS WITHOUT PREJUDICE** Cantu's claims against the four individual defendants under Federal Rule of Civil Procedure 4(m) and that he **DENY AS MOOT** all pending motions as these are the only defendants remaining in the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 4, 2024.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE